176 P.3d 716

**STATE of Arizona, Appellee,**

v.

**Tilfert Darrell VAUGHN, Appellant.**

Nos. 1 CA–CR 06–0878, 1 CA–CR 06–0881.

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 14, 2008.

As Amended March 31, 2008.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, Craig W. Soland, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Bruce Peterson, Office of the Legal Advocate By Kerri L. Chamberlin, Deputy Legal Advocate, Phoenix, Attorneys for Appellant.

## OPINION

JOHNSEN, Judge.

¶ 1 We vacate the superior court's revocation of probation in this case pursuant to Arizona Revised Statutes ("A.R.S.") section 13–901.01 (Supp.2007)[1] because the State failed to allege and the court failed to find at the probation violation hearing that the probationer refused to participate in drug treatment.

¶ 2 Tilfert Darrell Vaughn was on mandatory probation in CR2005–125518–001 DT (the "2005 case") pursuant to A.R.S. § 13–901.01. He was also on probation in a separate matter, CR2000–019188–001 DT (the

"2000 case"). After a violation hearing, the superior court found that Vaughn violated his probation as to both cases and at disposition, the court revoked Vaughn's probation in the 2005 case and ordered a term of imprisonment. On Vaughn's appeal of the revocation of his probation and imposition of a prison sentence, we vacate the court's order and remand for a new disposition hearing consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶ 3 In the 2000 case, Vaughn pled no contest to kidnapping and attempted sexual assault.[2] The superior court sentenced him to five years' imprisonment for the kidnapping conviction and imposed a term of lifetime probation for the attempted sexual assault conviction. Vaughn was released from prison in March 2005.

¶ 4 In the 2005 case, Vaughn was charged with theft of a means of transportation, a Class 3 felony; possession or use of narcotic drugs, a Class 4 felony; and possession of drug paraphernalia, a Class 6 felony. He pled guilty to possession or use of narcotic drugs and the remaining charges were dismissed. Pursuant to A.R.S. § 13–901.01(F), the superior court imposed a term of three years' intensive probation to run concurrently with his lifetime probation in the 2000 case. Based on Vaughn's guilty plea, the court also found that he had violated the conditions of his probation in the 2000 case and reinstated that probation.

¶ 5 In January 2006, Vaughn's probation officer petitioned the superior court to revoke Vaughn's probation in both cases. After a hearing, the court found that Vaughn had violated his probation by failing to remain at his designated residence, and it reinstated his probation in both cases.

¶ 6 In May 2006, Vaughn's probation officer again petitioned the court to revoke Vaughn's probation in both cases. The probation officer alleged several probation viola-

---

**1.** We cite the current versions of statutes because no statutory revisions material to this Opinion have since occurred.

**2.** We view the facts in the light most favorable to sustaining the superior court's findings. *See State v. Maldonado,* 164 Ariz. 471, 473, 793 P.2d 1138, 1140 (App.1990).

tions, including that Vaughn had possessed or used marijuana and cocaine, possessed drug paraphernalia, failed to submit to drug testing on a particular date as directed, failed to report to his probation officer as directed and failed to remain at his designated residence. The allegations were detailed in a probation violation report in which the probation officer stated that Vaughn "absconded on May 20, 2006 after fleeing from the Capitol Police," "possessed or used marijuana and cocaine" and had failed to submit to urinalysis testing. The report also asserted that the "Capitol Police filed a police report charging him with Possession of Drug Paraphernalia and Possession of Marijuana," although it noted that as of June 26, 2006, the Capitol Police had not filed any charges against Vaughn. The probation officer recommended that Vaughn's probation in the 2000 case be revoked and that he be reinstated on his 2005 probation.

¶ 7 Prior to his violation hearing on October 12, 2006, Vaughn filed a motion in limine to preclude the drug allegations and other information contained in the Capitol Police report. At the outset of the violation hearing and in response to the motion, the State said, "We have no evidence on that area...." Accordingly, the State stipulated to the dismissal of the allegations relating to the Capitol Police report, and the court dismissed those allegations, including those relating to the possession and use of drugs.

¶ 8 At the violation hearing, the prosecutor presented evidence that from May 20, 2006, until June 14, 2006, Vaughn had no contact with his probation officer and was not at his designated residence. The prosecutor did not offer any evidence that Vaughn had refused to participate in drug treatment. The court found by a preponderance of the evidence that Vaughn had violated his probation by failing to report to his probation officer as directed and by failing to remain at his designated residence. The court dismissed the remaining allegations.

¶ 9 At the disposition hearing a week later, the prosecutor asked the court to "make a 302 finding with regards to the 2005 case," stating the finding was "appropriate, given that [Vaughn] did not comply with the terms with regards to substance abuse treatment."[3] The prosecutor continued:

> Based on that 302 finding, the State would ask that the Court revoke [Vaughn's] probation with regards to the 2005 case and ... sentence him to the presumptive with credit for ... 385 days. But then ask that [Vaughn] be reinstated on lifetime probation on the 2000 case.

¶ 10 Vaughn's counsel responded by arguing that Vaughn had attended and completed drug counseling and that "none of the terms that [the State was] charging him with [had] anything to do with his failure to complete counseling as directed." Accordingly, Vaughn's counsel asked that probation be reinstated as to both matters. Vaughn then addressed the court, speaking mostly about the circumstances surrounding the 2000 case, but also advising the court that he had attended drug counseling and that he had not used drugs since March 2005.

¶ 11 At the conclusion of the hearing, the court stated, "I do make the 302 finding, which I think is justified by virtue of what I read in the predisposition report."[4] The court then revoked Vaughn's probation in the 2005 case and sentenced him to two and a half years' imprisonment with 385 days' pre-

---

**3.** According to Vaughn, a finding that a defendant refused to participate in drug treatment is known as a "302 finding." We note that Proposition 302, which was passed by a voter referendum in November 2002, significantly amended A.R.S. § 13–901.01. Prior to the amendment, that section required that first-time "Proposition 200 probation violators be reinstated on probation with additional conditions" and "incarceration was not an option." *State v. Tousignant,* 202 Ariz. 270, 271–72, ¶¶ 6, 8, 43 P.3d 218, 219–20 (App.2002). However, pursuant to Proposition 302, the superior court may impose incar-

ceration as a term of probation for first-time drug offenses under certain circumstances and it may revoke probation upon a finding that a probationer refused to participate in drug treatment. Laws 2002, H.C.R.2013 (2002).

**4.** The record on appeal does not contain a predisposition report; it contains only the probation violation report prepared prior to the violation hearing. On appeal, the State identifies the violation report as the evidentiary basis for the superior court's "302 finding."

sentence credit. The court also reinstated his lifetime probation in the 2000 case.

¶ 12 Vaughn timely appeals the revocation of his probation and his prison sentence and asks this court to remand for a new disposition hearing.

## DISCUSSION

¶ 13 Mandatory probation imposed pursuant to A.R.S. § 13–901.01(A) may be revoked only if the court finds that the probationer "refused to participate in drug treatment." A.R.S. § 13–901.01(G). Vaughn argues the superior court erred by revoking his probation and ordering a prison sentence in the 2005 case because the State had not alleged he failed or refused to participate in drug treatment, there was no evidence to support such a finding, and no such finding was made at his violation hearing.

¶ 14 This court will uphold the superior court's "finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas,* 196 Ariz. 312, 313, ¶ 3, 996 P.2d 113, 114 (1999). However, an "illegal sentence is fundamental error that [this court] must correct." *O'Connor v. Hyatt ex rel. Maricopa,* 207 Ariz. 409, 411, ¶ 3, 87 P.3d 97, 99 (App.2004).

### A. A.R.S. § 13–901.01.

¶ 15 Arizona law makes probation mandatory for certain first and second drug convictions.[5] Pursuant to A.R.S. § 13–901.01, unless a person "has been convicted of or indicted for a violent crime," upon a first or second conviction of "personal possession or use of a controlled substance or drug paraphernalia" not involving methamphetamine, the court "shall suspend the imposition or execution of sentence and place the person on probation." Save one circumstance, if the court later determines that the proba-

tioner has violated a probation condition, it may not revoke the probation. Rather, the probationer "shall have new conditions of probation established by the court." A.R.S. § 13–901.01(E).

¶ 16 The only circumstance under which a court may revoke probation pursuant to section 13–901.01 is if the court finds that the probationer refused to participate in drug treatment. The statute provides that as a condition of probation imposed pursuant to that section, "the court shall require participation in an appropriate drug treatment or education program." A.R.S. § 13–901.01(D). The statute further allows that if a probationer "fails or refuses to participate in drug treatment, the probation department or the prosecutor may petition the court to revoke [his or her] probation." A.R.S. § 13–901.01(G). If the court then finds that the probationer "refused to participate in drug treatment, [he or she] shall no longer be eligible for probation under this section but instead shall be sentenced pursuant to chapter 34 of" title 13. *Id.*[6]

### B. Arizona Rule of Criminal Procedure 27.

¶ 17 The superior court must follow the procedures set out in Arizona Rule of Criminal Procedure ("Rule") 27 in determining whether to revoke probation imposed pursuant to A.R.S. § 13–901.01. *See* A.R.S. § 13–901(C) (Supp.2007) ("[I]f the defendant commits an additional offense or violates a condition, [the court] may revoke probation in accordance with the rules of criminal procedure...."). Pursuant to Rule 27, the revocation process begins when the prosecutor or the probation officer petitions the superior court to revoke a person's probation. Ariz. R.Crim. P. 27.6(a). Following service of summons, Rule 27 "and considerations of due process contemplate that there will be three

---

5. Proposition 200, also known as the Drug Medicalization, Prevention, and Control Act of 1996, was a voter initiative and is codified as A.R.S. § 13–901.01. *O'Brien v. Escher,* 204 Ariz. 459, 461, ¶ 6, 65 P.3d 107, 109 (App.2003). According to the State, Vaughn's conviction in the 2005 case was his second drug conviction.

6. Although not relevant here, a person on probation pursuant to section 13–901.01 may be incarcerated as a condition of probation if a court finds at a violation hearing that the person violated probation by committing certain drug offenses or "an act in violation of an order of the court relating to drug treatment." A.R.S. § 13–901.01(E).

court proceedings" before a person's probation may be revoked: a revocation arraignment, a violation hearing if the probationer denies the violation allegations, and a disposition hearing. *State v. Flemming,* 184 Ariz. 110, 113, 907 P.2d 496, 499 (1995); *see* Ariz. R.Crim. P. 27.8(a)-(c).

¶ 18 The purpose of the violation hearing is to determine whether a probationer has in fact violated a probation condition, and a probation violation finding made at the violation hearing is a prerequisite to probation revocation at the disposition hearing. *See* Ariz. R.Crim. P. 27.8(b)(1). At the violation hearing, "[e]ach party may present evidence and shall have the right to cross examine witnesses who testify," the "court may receive any reliable evidence not legally privileged," and the "violation must be established by a preponderance of the evidence." Ariz. R.Crim. P. 27.8(b)(3). If the court finds the probationer violated a probation condition, the court "shall make specific findings of the facts which establish the violation." Ariz. R.Crim. P. 27.8(b)(4).

### C. The Superior Court Erred in Revoking Vaughn's Probation in the 2005 Case.

¶ 19 Section 13–901.01 and Rule 27, taken together, require that Vaughn's probation could not have been revoked unless, at the violation hearing, the superior court made a finding that Vaughn had refused to participate in drug treatment and that finding was supported by reliable evidence presented at the hearing. Because it made no such finding at the violation hearing, the superior court erred when, at the disposition hearing, it revoked Vaughn's probation and ordered a term of imprisonment.

¶ 20 Not only did the court fail to find at the violation hearing that Vaughn had violated his probation by refusing to participate in drug treatment, the evidence at the hearing would not have supported such a finding. As noted above, the State did not allege Vaughn refused to participate in a drug treatment program. Indeed, the State did not put on any evidence at the violation hearing relating to drugs, drug testing or drug treatment. The State contends "the evidence presented at [Vaughn's] revocation hearing established that from May 20, 2006, through June 14, 2006 . . ., [he] left his required residence and stopped reporting to his probation officer." But evidence that Vaughn did not report to his probation officer and did not remain at his designated residence is not evidence that he refused to participate in drug treatment.

¶ 21 The State argues that pursuant to A.R.S. § 13–901.01(H), the superior court could terminate Vaughn's probation based on a finding that he rejected drug treatment as a probation condition or that he rejected probation. Pursuant to section 13–901.01(H):

A person is not eligible for probation under . . . section [13–901.01] but shall be sentenced pursuant to chapter 34 of [title 13] if the court finds the person either: 1. Had been convicted three times of personal possession of a controlled substance or drug paraphernalia. 2. Refused drug treatment as a term of probation. 3. Rejected probation. 4. Was convicted of the personal possession or use of a controlled substance or drug paraphernalia and the offense involved methamphetamine.

¶ 22 Subsection (H) is not applicable to the proceedings at issue here, however. This provision allows an initial sentencing court to sentence a defendant pursuant to chapter 34 of title 13 instead of section 13–901.01 if it makes one of the specified findings. *See Raney v. Lindberg,* 206 Ariz. 193, 200 n. 8, ¶ 22, 76 P.3d 867, 874 n. 8 (App.2003). It does not, however, allow a court to *revoke* probation based on such a finding. Even if that were the case, the State did not present any evidence to support a finding that Vaughn refused drug treatment as a term of probation or that he rejected probation. Indeed, the only evidence regarding drug treatment that was offered to the court at either the violation or disposition hearing was Vaughn's uncontradicted statement that he had attended drug counseling.

¶ 23 The State argues that by alleging that Vaughn had "absconded" and refused to report as required, the probation violation report effectively asserted that Vaughn had "refused all aspects of his probation." Recognizing that "abscond" means "[t]o leave quickly and secretly and hide oneself, esp.

from the law," Webster's II New College Dictionary 4 (2001), we decline to construe the violation report's use of that word to allege that Vaughn had refused all aspects of his probation. Simply stated, nowhere did the violation report allege that Vaughn refused to participate in drug treatment.[7]

¶ 24 The State also contends that the court's disposition decision was supported by evidence in the probation violation report to the effect that Vaughn had failed to submit to random urinalysis testing and possessed or used marijuana and cocaine. Without citation to authority, the State argues that the prosecution's voluntary dismissal of the drug allegations "did not prevent the court from considering evidence of the transgressions in connection with the court's 302 determination."

¶ 25 Even assuming that to be true, we do not construe the bare allegations of drug use and failure to submit to a drug test to be sufficient to support a finding that Vaughn refused to "participate in drug treatment." As Vaughn argues, evidence that one possessed or used drugs is not equivalent to evidence that one refused to participate in drug treatment. Many persons who are participating in drug treatment at some point resume drug use. Nor is drug testing the equivalent to drug treatment for these purposes. We conclude that in the context of A.R.S. § 13–901.01(G), evidence that one has failed to participate in a required drug test does not by itself constitute evidence that one has refused to "participate in drug treatment." As a matter of fact, the State concedes that its allegations "did not specifically cite [Vaughn's] refusal to participate in drug treatment."

¶ 26 Further, while the violation report did state that Vaughn possessed or used drugs, at the violation hearing, the State conceded it had "no evidence on that area" and, as noted above, stipulated to the court's dismissal of the allegations relating to drug use and possession. Although Rule 27 does not preclude the admission of hearsay evidence at the violation hearing, after the State withdrew those allegations, the court could not use them to conclude that Vaughn violated probation by refusing to participate in drug treatment pursuant to section 13–901.01(G).

¶ 27 Lastly, the State argues Vaughn did not object in the superior court "to any aspect of the proceeding." We conclude that the issue was preserved for appeal when Vaughn's counsel informed the court at the disposition hearing that revocation was inappropriate because the State had not "charg[ed] him with ... anything to do with his failure to complete counseling as directed." Moreover, as stated above, this court must correct an illegal sentence because it is a fundamental error. *O'Connor,* 207 Ariz. at 411, ¶ 3, 87 P.3d at 99.

¶ 28 In sum, because the State did not allege that Vaughn refused to participate in drug treatment, the superior court made no such finding at the violation hearing, and such a finding would not have been supported by the evidence, the court erred in revoking Vaughn's probation and ordering a prison sentence.

## CONCLUSION

¶ 29 For the above reasons, we vacate the superior court's revocation of Vaughn's probation and imposition of a prison sentence in the 2005 case, and we remand for a new disposition hearing consistent with this decision.[8]

CONCURRING: PATRICK IRVINE, Acting Presiding Judge and JOHN C. GEMMILL, Judge.

---

**7.** Nor do we agree with the State that the allegations supported a finding that Vaughn "[r]ejected probation," as provided in subsection H of the statute.

**8.** Because we conclude the court did not make the requisite finding at the violation hearing nor was evidence presented to support such a finding, we do not address issues raised by the parties concerning the burden of proof required to support a "302 finding" or whether the State was required to allege prior to the disposition hearing that Vaughn had refused to participate in drug treatment.