NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TIMOTHY G. PERKOWSKI, *Appellant*.

No. 1 CA-CR 13-0428

FILED 2-27-2014

Appeal from the Superior Court in Maricopa County
No.  CR2009-007746-001
The Honorable James R. Rummage, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Donn Kessler and Judge Michael J. Brown joined.

**G O U L D,** Judge:

**¶1**        Timothy G. Perkowski ("Defendant") appeals from his court's determination finding him in violation of his probation and disposition.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief in *propria persona*, and did not do so.

**¶2**        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2012).[1]  Finding no reversible error, we affirm.

### Facts and Procedural History[2]

**¶3**        Defendant was indicted on four separate criminal charges.  On October 13, 2010, Defendant pled guilty to one amended charge of Solicitation to Commit Fraud in the Purchase or Sale of Securities, a class six felony.

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the superior court's findings.  *See State v. Vaughn*, 217 Ariz. 518, 519 n.2, 176 P.3d 716, 717 n.2 (App. 2008).

¶4        According to Defendant's plea agreement, Defendant would be sentenced to a term of supervised probation. On November 16, 2010, Defendant was sentenced to probation for two years.

¶5        On October 3, 2012, a petition to revoke Defendant's probation was filed. Defendant eventually admitted to violating his probation by absconding, and the court reinstated his probation for a period of three years.[3]

¶6        On March 28, 2013, the probation department filed a second petition to revoke. The petition alleged, in relevant part, that Defendant violated his probation by leaving the state with permission from the Adult Probation Department but failed to return on the date indicated on his travel permit. The court held a violation hearing on May 23, 2013.

¶7        During the hearing, Defendant's probation officer, Demitris Sagias, testified that Defendant was authorized to travel to Ohio on February 23, and was required to return to Arizona no later than March 4. Further, Defendant was directed to call Sagias upon his return to Arizona. Defendant, however, did not contact Sagias until March 8.

¶8        Defendant testified during the hearing that his intention was to return to Arizona by March 4. However, according to Defendant, "there was a big snow storm through Ohio and Chicago, and they were delayed for . . . a day and a half." Defendant claimed he left Cleveland by bus on the night of March 2, but after about ten minutes the bus driver was forced to return to the station because the roads were filled with ice and not safe for driving due to a blizzard. The court then noted for the record that the airport weather service for Cleveland showed precipitation to be 1/100th of an inch on March 1, 2/100ths of an inch on March 2, and zero precipitation on March 3 and 4.

¶9        At the conclusion of the hearing, the court found by a preponderance of the evidence that Defendant had violated his probation by failing to return to Arizona by March 4. At disposition, the court reinstated Defendant on probation, imposing (1) three years of supervised probation and (2) one month in jail with work release. Defendant filed a timely notice of appeal on June 10, 2013. On June 17, 2013, Defendant

---

[3]        The court reinstated Defendant onto supervised probation with a revised expiration date of December 22, 2013, which constituted three years from the original date of sentencing, which was November 16, 2010.

advised the court that he wished to reject probation and was subsequently sentenced to one year in the Department of Corrections with credit for 104 days time served. Defendant did not file an amended notice of appeal.

## Discussion

**¶10** We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At disposition, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

**¶11** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in *propria persona* motion for reconsideration or petition for review.[4]



Ruth A. Willingham · Clerk of the Court
FILED: mjt

---

[4] Pursuant to Arizona Rule of Criminal Procedure 31.18.b, Defendant or his counsel has fifteen days to file a motion for reconsideration. On the Court's own motion, we extend the time to file such a motion to thirty days from the date of this decision.