IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES NICHOLAS SHIVELY, *Appellant.*

No. 1 CA-CR 13-0309
FILED 5-13-2014

Appeal from the Superior Court in Maricopa County
No.  CR2011-144042-001
The Honorable Justin Beresky, Judge *Pro Tempore*

**JUDGMENT AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

**OPINION**

Chief Judge Diane M. Johnsen delivered the opinion of the Court, in which Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**J O H N S E N**, Judge:

¶1        James Nicholas Shively enrolled in a residential drug treatment program as a condition of his probation for a drug offense, but was expelled from the program a month later after he was discovered using heroin.  Ruling on a petition to revoke his probation, the superior court found that by bringing a drug into the program, Shively "refused" drug treatment, a finding that rendered him ineligible for mandatory probation under Arizona Revised Statutes ("A.R.S.") section 13-901.01(G) (2014).[1]  We affirm the superior court's finding that Shively violated his probation, but vacate its finding that he refused drug treatment by possessing heroin while in the program.

## FACTS AND PROCEDURAL HISTORY

¶2        Shively pled guilty to felony possession of marijuana in July 2012.  The court imposed 18 months' probation pursuant to A.R.S. § 13-901.01.  In December 2012, Shively's probation officer petitioned the court to revoke Shively's probation.  Shively admitted he had failed to comply with the condition requiring him to submit to drug testing, and the court reinstated him on probation.

¶3        Shively entered a residential drug treatment program on February 7, 2013.  On March 3, he was terminated from the program after heroin was found in his room at the treatment facility.  The day he was released from treatment, Shively was placed on a 24-hour suicide watch through the Veterans Administration; he said he "knew [he] had screwed up, and [he] didn't want to get kicked out of rehab."  After Shively's probation officer learned he had been expelled from the program, the probation officer filed another petition to revoke, alleging Shively "did not actively participate and cooperate in inpatient substance abuse counseling or assistance," had been terminated from substance abuse counseling, and "possessed or used heroin."

¶4        At the hearing on the petition to revoke, the probation officer testified that when he met with Shively following his termination from the drug program, Shively told him that he "just wants to be reinstated to probation and get on with his life, work a job, make money."  The probation officer told Shively that to be reinstated on probation, he

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

would have to complete substance abuse treatment. Shively applied to another substance abuse program about a month after the first treatment center discharged him, but had not yet been admitted at the time of the hearing.

¶5 The court found Shively refused drug treatment "based on bringing heroin into the program, in violation of the rules of the treatment program; that he, in essence, did reject the treatment program that was afforded to him." The court nevertheless reinstated Shively on probation.

¶6 Shively timely appealed the court's finding that he refused to participate in treatment. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2014), 13-4031 (2014) and -4033(A) (2014).[2]

## DISCUSSION

¶7 Arizona law makes probation mandatory for certain first and second drug convictions. Pursuant to A.R.S. § 13–901.01(A), (B), unless a person "has been convicted of or indicted for a violent crime," upon a first or second conviction of "personal possession or use of a controlled substance or drug paraphernalia" not involving methamphetamine, the court "shall suspend the imposition or execution of sentence and place the person on probation." With one exception, the court may not thereafter revoke the defendant's probation; instead, upon a violation of probation, it only may impose "new conditions of probation." A.R.S. § 13–901.01(E).

¶8 The exception to mandatory probation occurs when a probationer refuses drug treatment. Under the statute, the probation department may petition to revoke probation if the probationer "fails or

---

[2] The superior court reinstated Shively's probation even though it found he refused to participate in treatment and was no longer eligible for mandatory probation under A.R.S. § 13-901.01. The State argues Shively's appeal therefore is moot. The matter is not moot, however, because the superior court's finding may render Shively ineligible for mandatory probation in a future proceeding. A.R.S. § 13-901.01(H) (person is not eligible for mandatory probation under this section if the court finds the person "[r]efused drug treatment as a term of probation"); *see Raney v. Lindberg*, 206 Ariz. 193, 200 n.8, 76 P.3d 867, 874 n.8 (App. 2003).

refuses to participate in drug treatment."  A.R.S. § 13–901.01(G).[3]  But upon filing of such a petition, the court may revoke probation and impose a sentence of incarceration only if it finds the probationer "refused" to participate in drug treatment.  *Id.*; *see State v. Vaughn*, 217 Ariz. 518, 521, ¶ 13, 176 P.3d 716, 719 (App. 2008).  Thus, if the court finds a probationer has "refused to participate in drug treatment," he or she loses the statutory benefit of mandatory probation.  Such a finding is called a "302" finding, referencing Proposition 302, which was passed by voter referendum in November 2002 and which added subpart (G) to § 13-9012.01. *See Vaughn*, 217 Ariz. at 520, ¶ 9 n.3, 176 P.3d at 718 n.3.

**¶9**        Shively argues the superior court erred by concluding he refused treatment based solely on a relapse in residential treatment.  We will uphold a superior court's finding of fact "unless the finding is arbitrary or unsupported by any theory of evidence." *Vaughn*, 217 Ariz. at 521, ¶ 14, 176 P.3d at 719; *State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980).

**¶10**        The State argues § 13-901.01(G) allows a court to revoke probation and sentence a probationer to prison "if after having a reasonable opportunity to do so the defendant fails or refuses to participate in drug treatment."  A.R.S. § 13-901.01(G).  As stated above, however, under the statute, the court may impose incarceration only if it finds the probationer *refused* to participate in drug treatment, and may not do so based on a mere finding that he or she *failed* to do so.  *Id*.

**¶11**        At the hearing, Shively's probation officer and a social worker from the Phoenix VA Medical Center testified Shively was expelled from the residential drug treatment program for possessing and

---

[3]        Section 13-901.01(G) provides: "At any time while the defendant is on probation, if after having a reasonable opportunity to do so the defendant fails or refuses to participate in drug treatment, the probation department or the prosecutor may petition the court to revoke the defendant's probation.  If the court finds that the defendant refused to participate in drug treatment, the defendant shall no longer be eligible for probation under this section but instead shall be sentenced pursuant to chapter 34 of this title."

using heroin.  The State argues that evidence supports the court's finding that Shively refused treatment.[4]

¶12        After hearing the evidence, the court commented:

> I'm struggling with the 302 issue because I agree with the State, in part, that at some point, continuing to use while you're in a program, despite wanting to get treatment, at some point there has to be a finding that you're rejecting that treatment by continuing to use.
>
> At the same time, I recognize the power of addiction and that someone may very -- in their heart want to address their treatment and address the addiction issues, but are just having a hard time physically dealing with the addiction.
>
> I mean, there's a difference between violating the rules of a treatment program and rejecting the treatment.

Without further explanation, the court found "that based on bringing heroin into the program, in violation of the rules of the treatment program; that he, in essence, did reject the treatment program."

¶13        We conclude insufficient evidence supported the superior court's conclusion that Shively "refused" drug treatment within the meaning of § 13-901.01(G).  The only evidence offered at the hearing was that Shively used and possessed heroin while in a residential drug treatment program.  But we have held that "evidence that one possessed or used drugs is not equivalent to evidence that one refused to participate in drug treatment."  *Vaughn*, 217 Ariz. at 523, ¶ 25, 176 P.3d at 721.  Likewise, possession or use of a drug while in treatment, in violation of the rules of treatment, does not by itself amount to a refusal of drug treatment.  That is particularly so here, in light of evidence Shively participated in the treatment program for nearly four weeks without apparent incident, required a suicide watch immediately after he was

---

[4]     The State also argues Shively possessed heroin on two other occasions before he entered the residential drug treatment program.  The State does not explain how drug use before a probationer enters treatment demonstrates he has refused treatment.  Beyond the bare allegations of the revocation petition, moreover, no evidence of the other alleged occasions was offered at the hearing and no reference to them appears in the record.

expelled and later applied for entry into another drug treatment program. Section 13-901.01(G) draws a distinction between a failure to complete drug treatment and a refusal to participate in drug treatment. Shively failed to complete drug treatment when he relapsed and was expelled. That evidence, however, does not by itself support a finding that he refused drug treatment.

¶14　　　　To conclude that a relapse while in drug treatment by itself is a refusal to participate in treatment is to deny the realities of addiction recovery.[5] Although the evidence was that Shively possessed and used heroin in violation of his probation and treatment program rules, the circumstances reflect a person falling short of completing a treatment program, not a person rejecting treatment. Shively was at the treatment facility, as he was supposed to be, and no evidence was offered, and the court did not find, that he failed or refused to participate in any meetings, counseling sessions or other activities of the treatment program. After Shively was forced to leave the program, he went that same day to seek help at the VA. When his probation officer told Shively that to remain on probation he would have to participate in treatment, instead of refusing, Shively enrolled in another program a few weeks later.

¶15　　　　Because insufficient evidence supported a finding that Shively refused to participate in drug treatment, the superior court erred in determining he refused treatment and therefore was not eligible for mandatory probation pursuant to A.R.S. § 13-901.01(G).

---

[5]　　　"Recovery from drug addiction is a long-term process and frequently requires multiple episodes of treatment. As with other chronic illnesses, relapses to drug abuse can occur and should signal a need for treatment to be reinstated or adjusted." *Principles of Drug Addiction Treatment: A Research-Based Guide* 3 (Nat'l Inst. on Drug Abuse, Nat'l Insts. of Health, U.S. Dept. of Health and Human Servs., eds., 3d ed. 2012), *available at* http://www.drugabuse.gov/publications/principles-drug-addiction-treatment-research-based-guide-third-edition/principles-effective-treatment. "Unfortunately, when relapse occurs many deem treatment a failure. This is not the case: Successful treatment for addiction typically requires continual evaluation and modification as appropriate, similar to the approach taken for other chronic diseases." *Id.* at 12, *available at*
http://www.drugabuse.gov/publications/principles-drug-addiction-treatment-research-based-guide-third-edition/frequently-asked-questions/how-effective-drug-addiction-treatment

## CONCLUSION

**¶16**         For the reasons stated above, we affirm the order reinstating Shively on probation but vacate the finding that he refused drug treatment pursuant to A.R.S. § 13-901.01(G).



Ruth A. Willingham · Clerk of the Court
FILED: MJT