NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACKSON JOSYTEWA, *Appellant.*

No. 1 CA-CR 17-0311
FILED 1-30-2018

Appeal from the Superior Court in Maricopa County
No. CR2010-161279-001
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Jennifer M. Perkins joined.

**J O N E S**, Judge:

**¶1**        Jackson Josytewa appeals the trial court's finding that he violated the terms of his probation and its order reinstating him on probation. After searching the entire record, Josytewa's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Josytewa was granted an opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the entire record, we find no error. Accordingly, the trial court's findings and orders are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In March 2011, Josytewa pleaded guilty to two counts of sexual abuse and one count attempted molestation of a child.[1] The following month, the trial court sentenced Josytewa to an aggravated term of six years' imprisonment for one count of sexual abuse, followed by two terms of lifetime probation for the remaining counts. As part of his probation, Josytewa was instructed, in writing, to "obtain prior written approval of the [probation department] before making any temporary or permanent changes to [his] residence."

**¶3**        In January 2017, Josytewa's probation officer filed a petition to revoke his probation upon the grounds that Josytewa changed residences

---

[1]        We view the facts in the light most favorable to upholding the trial court's finding that Josytewa violated the conditions of his probation. *State v. Vaughn*, 217 Ariz. 518, 519 n.2, ¶ 3 (App. 2008) (citing *State v. Maldonado*, 164 Ariz. 471, 473 (App. 1990)).

without first obtaining written approval to do so.[2] At the violation hearing, the probation officer testified Josytewa had permission to reside in a transitional housing facility but then moved into an apartment without consulting the probation department.

¶4        Josytewa admitted he moved residences at least twice without first obtaining written permission from the probation department. Josytewa, however, believed he could do so based upon prior, general discussions with the probation department wherein he expressed his dissatisfaction with the transitional housing and desire to relocate.

¶5        After the hearing, the trial court found the State proved Josytewa moved residences without prior written approval in violation of the terms of his probation. The court reinstated Josytewa on probation and ordered he serve twenty days' imprisonment as a condition thereof. Josytewa timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The trial court's finding that Josytewa violated a condition of his probation is supported by the evidence, including his own admissions. *See Vaughn*, 217 Ariz. at 521, ¶ 14 ("This court will uphold the superior court's 'finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence.'") (quoting *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (1999)). So far as the record reveals, Josytewa was represented by counsel at all stages of the proceedings, and all of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See generally* Ariz. R. Crim. P. 27. Further, the reinstatement of Josytewa on probation was a permissible disposition. *See* Ariz. R. Crim. P. 27.8(c)(2).

## CONCLUSION

¶7        The trial court's orders finding Josytewa violated the terms of his probation and reinstating him on probation are affirmed.

---

[2]        The probation officer alleged other violations, but the State did not meet its burden of proof as to those circumstances, and they are not subject to review on appeal.

**¶8**         Defense counsel's obligations pertaining to Josytewa's representation in this appeal have ended. Defense counsel need do no more than inform Josytewa of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶9**         Josytewa has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Josytewa thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.