NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL CJ WALKER, SR., *Appellant*.

No. 1 CA-CR 17-0157; No. 1 CA-CR 17-0176
(Consolidated)
FILED 6-26-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR2016-001098-001, CR2013-447660-001
The Honorable Erin Otis, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

J O N E S, Judge:

¶1 Michael Walker appeals his conviction and sentence for one count of resisting arrest and the resulting revocation of his probation. After searching the entire record, Walker's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Walker was granted an opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the entire record, we find no error. Accordingly, Walker's conviction, sentence, probation revocation, and disposition are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 In June 2014, Walker pleaded guilty to one count each of assault and aggravated assault.[1] The trial court suspended Walker's sentence and placed him on probation for two-and-a-half years. As a condition of his probation, Walker was required to "maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity."

¶3 On July 11, 2015, a Maricopa County Sheriff's Office (MCSO) detective, who had probable cause to believe Walker had committed a crime on July 10, observed Walker in Sun City. When a second detective approached in his patrol car, Walker ran into an alley, and both vehicles gave chase. The detectives then left their vehicles and followed Walker on foot into a parking lot. The first detective wore a tactical vest identifying

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

him as an MCSO officer and the second wore his MCSO badge around his neck; both shouted "sheriff's office" and "stop" multiple times.

¶4        After a few minutes, Walker stopped, turned, and raised his hands into a "boxing stance" as if to fight the pursuing detectives. The second detective observed something in Walker's hands and took him to the ground, where Walker struggled to escape his grasp. The detectives eventually stunned Walker, consistent with their training on the use of physical force, with a closed-fist head strike and were able to force his hands behind his back to be cuffed.

¶5        The State charged Walker with one count of resisting arrest and petitioned to revoke his probation. At trial, Walker's counsel argued there was no evidence that Walker acted with an intent to avoid arrest. After an unsuccessful motion for judgment of acquittal, the jury convicted Walker as charged. The trial court made a determination of guilt on the offense and set the matter for a combined disposition and sentencing hearing. *See* Ariz. R. Crim. P. 27.8(e).

¶6        At the hearing, the trial court revoked Walker's probation and sentenced him as a non-dangerous, non-repetitive offender to concurrent, presumptive terms of one year of imprisonment for resisting arrest with credit for 594 days of presentence incarceration, and two-and-a-half years' imprisonment for aggravated assault with credit for 740 days of presentence incarceration. Walker timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). As relevant here:

> A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by . . . [u]sing or threatening to use physical force against the peace officer or another.

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

A.R.S. § 13-2508(A)(1). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt Walker was guilty of the charged offense, and the jury's determination of Walker's guilt on that offense constituted a violation of his probation. *See* Ariz. R. Crim. P. 27.8(e); *State v. Vaughn*, 217 Ariz. 518, 521, ¶ 14 (App. 2008) ("This court will uphold the superior court's 'finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence.'") (quoting *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (1999)).

**¶8**        All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Walker was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Walker's presumption of innocence. Walker was given an opportunity to speak at the sentencing and disposition hearing, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence and disposition were within the statutory limits. *See* A.R.S. § 13-703(A), (H); Ariz. R. Crim. P. 27.8(c)(2).

## CONCLUSION

**¶9**        Walker's conviction, sentence, probation revocation, and disposition are affirmed.

**¶10**        Defense counsel's obligations pertaining to Walker's representation in this appeal have ended. Defense counsel need do no more than inform Walker of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶11** Walker has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Walker thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA