NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID LAYNE BURNEY, *Appellant.*

No. 1 CA-CR 18-0725
FILED 5-23-2019

Appeal from the Superior Court in Apache County
No. S0100CR201200163
The Honorable C. Allan Perkins, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

J O N E S, Judge:

¶1          David Burney appeals from the revocation of his probation and imposition of sentence on his 2013 conviction for theft of means of transportation. After searching the entire record, Burney's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Burney was granted an opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the entire record, we find no error. Accordingly, Burney's probation revocation and disposition are affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2          In June 2013, Burney pleaded guilty to one count of theft of means of transportation.[1] The trial court suspended the imposition of sentence and placed Burney on standard probation for five years. As part of his probation, Burney was instructed, in writing, to "report to the [adult probation department (APD)] . . . as directed" and "receive prior approval of the APD before changing [his] residence."

¶3          After Burney violated the terms of standard probation, the trial court placed him on intensive probation for two years, beginning in May 2018. Burney was again instructed, in writing, as part of the terms of intensive probation, "to report to the APD . . . as directed" and "receive prior approval of the APD before changing [his] residence."

¶4          On May 30, 2018, Burney's probation officer approved his request to move and transfer his probation services from Apache County to Maricopa County. However, the APD was unable to verify that Burney was

---

[1]          We view the facts in the light most favorable to upholding the trial court's decision to revoke probation. *See State v. Vaughn*, 217 Ariz. 518, 519, ¶ 3 n.2 (App. 2008) (citing *State v. Maldonado*, 164 Ariz. 471, 473 (App. 1990)).

living at the Maricopa County address he had provided. When the probation officer learned Burney had moved to a different location in Maricopa County without permission, she directed him to return to Apache County by June 6. Burney moved yet again but did not return to Apache County until June 13.

¶5 On June 15, 2018, the probation officer approved a second request to transfer Burney's probation services to Maricopa County and directed him, in writing, to report to the APD on June 17. Burney did not contact the APD and, as of June 19, his whereabouts were unknown.

¶6 Burney's probation officer filed a petition to revoke his probation upon the grounds that Burney failed to report to probation as directed and moved residences without prior approval. At the violation hearing, Burney presented evidence and testimony suggesting he was unable to report as directed because he was having difficulty with finances and transportation and never received contact information for the APD in Maricopa County.

¶7 After the hearing, the trial court found the State proved that Burney violated the conditions of his probation by a preponderance of the evidence. At disposition, the court revoked Burney's probation and sentenced him as a non-dangerous, non-repetitive offender to a presumptive term of 3.5 years' imprisonment with credit for 130 days of presentence incarceration. Burney timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(3). *See State v. Regenold*, 226 Ariz. 378, 380, ¶ 12 (2011) (holding a defendant may appeal a sentence imposed after a contested hearing on a probation violation).

## DISCUSSION

¶8 Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The trial court's finding that Burney violated a condition of his probation is supported by the evidence. *See Vaughn*, 217 Ariz. at 521, ¶ 14 ("This court will uphold the superior court's 'finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence.'") (quoting *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (App. 1999)); Ariz. R. Crim. P. 27.8(b)(3) ("A violation

---

[2] Absent material changes from the relevant date, we cite the current version of rules and statutes.

must be established by a preponderance of the evidence.")  So far as the record reveals, Burney was represented by counsel at all stages of the proceedings, and all of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  *See generally* A.R.S. § 13-901(C); Ariz. R. Crim. P. 27.  Further, the revocation of Burney's probation and imposition of a prison term was a permissible disposition for the violation, *see* Ariz. R. Crim. P. 27.8(c)(2), and the prison term imposed was within the statutory limits, A.R.S. § 13-702(D).

## CONCLUSION

**¶9**　　　　The trial court's orders finding Burney violated the terms of his probation and sentencing him to a term of imprisonment are affirmed.

**¶10**　　　　Defense counsel's obligations pertaining to Burney's representation in this appeal have ended.  Defense counsel need do no more than inform Burney of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶11**　　　　Burney has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.21(b)(2)(A).  On the court's own motion, we also grant Burney thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA