NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOEL WAYNE WOODS, *Appellant*.

No. 1 CA-CR 23-0477

FILED 09-17-2024

Appeal from the Superior Court in Maricopa County
No.  CR2022-133138-001
The Honorable Michael S. Mandell, Judge

**REVERSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Mercer Law PLC, Mesa
By Stephen Mercer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

---

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Michael J. Brown and Judge Daniel J. Kiley joined.

---

**W I L L I A M S**, Judge:

**¶1**        Defendant Joel Wayne Woods appeals the trial court's determination that he is no longer eligible for mandatory probation under A.R.S. § 13-901.01(G). For the following reasons, we reverse the court's ruling.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Subject to limited circumstances not applicable here, a defendant convicted in Arizona of certain first- and second-time drug offenses *must* be placed on probation. A.R.S. § 13-901.01(A), (B). And, generally, if the probationer violates any term of his probation, the court is obligated to reinstate the probationer on probation "with new conditions . . . established by the court." A.R.S. § 13-901.01(E).

**¶3**        But in 2002, Arizona voters passed Proposition 302 which removed the statutory benefit of mandatory probation from a probationer who has "refused to participate in drug treatment." A.R.S. § 13-901.01(G); *see State v. Vaughn*, 217 Ariz. 518, 520, ¶ 9 n.3 (App. 2008). Such a finding by the trial court is called a "302" finding (in reference to the voter passed referendum). *Id.* Following a 302 finding, a probationer is exposed to any sentence otherwise available to a drug offender under Chapter 34 of Title 13, including imprisonment. A.R.S. § 13-901.01(G).

**¶4**        In 2022, Woods pled guilty to possession or use of narcotic drugs, a Class 4 felony. The trial court placed Woods on probation as required by § 13-901.01(A). The court provided Woods with a copy of the written conditions of his three-year probation term, which Woods signed. Relevant to this appeal were the following two conditions of probation:

> 11.  I will actively participate and cooperate in any program of counseling or assistance as determined by [the Adult Probation Department ("APD")], or as required by law, given assessment results and/or my behavior. I will sign any release or consent required by the APD so the APD can exchange

information in relation to my treatment, behavior and activities.

12. I will not possess or use illegal drugs or controlled substances and will submit to drug and alcohol testing as directed by the APD.

**¶5**　　　　Two months later, Woods met with APD to further discuss his conditions of probation. At that meeting his probation officer instructed Woods to (1) schedule an intake and assessment with a drug treatment provider by April 1, 2023 (12 days away), (2) complete substance abuse treatment by July 1, 2023, and (3) submit to drug testing when directed.

**¶6**　　　　Between March 2023 and May 2023, APD filed three separate petitions to revoke Woods' probation. Among other things, APD alleged Woods "did not submit to drug testing" on two occasions and "did not actively participate or cooperate in substance abuse counseling or assistance."

**¶7**　　　　At an August 2023 probation violation hearing, Woods' probation officer testified that Woods failed to submit to two drug tests, one in February 2023 and one in May 2023, as directed. The probation officer also testified that Woods never reported to APD that he contacted a substance abuse treatment center, and that no treatment center provided notice to APD that Woods had done so. The probation officer further testified that Woods never signed a release of information form with any treatment center so that the treatment center could provide documents and information to APD. Woods offered no contradictory evidence at the hearing.

**¶8**　　　　After taking the matter under advisement, the court found, *inter alia*, that Woods had violated conditions 11 and 12 of his probation:

> The defendant did not actively participate and cooperate in substance abuse counseling or assistance at Sage or Terros as determined by Adult Probation Department . . . The defendant knew he had to participate in substance abuse counseling. It is the defendant's responsibility to inform his probation officer that he is participating [in] substance abuse counseling and he did not.
>
> . . .

3

> The defendant did not submit to drug testing as directed by [APD] on 2/20/2023. . .The defendant knew he was supposed to test and he did not.
>
> . . .
>
> The defendant did not submit to drug testing as directed by [APD] on 5/20/2023 . . .

¶9 Two months after the probation violation hearing, a different judicial officer presided over Woods' disposition hearing where Woods was also represented by different counsel. Woods' new counsel informed the court that he had a "Terros report in front of [him]"—not offered into evidence at the probation violation hearing—which showed Woods "went to the initial intake and was scheduled for classes, but . . . was arrested and then couldn't go to his classes." Defense counsel argued that Woods was not "rejecting" drug treatment and that the court was, therefore, obligated to reinstate Woods on probation. For his part, Woods stated:

> Your Honor, I'm not going to sit here and lie as if I don't have a [] drug problem. I am a recovering drug addict, and I [] feel like I've made some progress in that regard . . . I did my initial intake at Terros. I was set up to do a class . . . [but] I was arrested . . . so I wasn't never [*sic*] able to go again after that, and I've been incarcerated ever since. I do want to have the support of the probation department when I do get released, whenever that may be. So that I can have more resources available to me for my addiction upon release. But yeah . . . I didn't never [*sic*] refuse to do any drug treatment, I just was not able to, due to my incarceration.

¶10 After some discussion, the court concluded that the written findings made by the previous judicial officer were "sufficient to make a 302 finding." Despite the violation, the court reinstated Woods on probation so that he could "obtain one more opportunity . . . [to] get the drug treatment" needed.

¶11 Woods timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(3).

4

## DISCUSSION

¶12 Woods argues the trial court erred in finding that he refused to participate in drug treatment. We will uphold a trial court's probation violation finding "unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (App. 1999).

¶13 Record evidence supports the trial court's finding that Woods violated various conditions of his probation, as well as the court's reason for reinstating Woods on probation. But we agree with Woods that the court erred in making a 302 finding.

¶14 At the disposition hearing, the court noted it "read through the [written] ruling that was done by [the previous judicial officer] in this matter, who had the time to properly review everything that was provided to the Court, and issued a detailed ruling." Based upon the court's review of that written ruling, it concluded the prior judicial officer made sufficient findings to support a 302 finding. We disagree.

¶15 The APD never alleged in any of its three petitions to revoke probation that Woods "refused to participate in drug treatment." Instead, the closest allegation of refusal APD made was that Woods "did not actively participate and cooperate in substance abuse counseling or assistance." To that end, the trial court's written findings only reflect the allegations APD made—that Woods "did not actively participate and cooperate in substance abuse counseling or assistance." *See State v. Shivley*, 234 Ariz. 560, 563, ¶ 10 (App. 2014) (explaining that under A.R.S. § 13-901.01(G), the court may make a 302 finding "only if it finds the probationer *refused* to participate in drug treatment, and may not do so based on a mere finding that he or she *failed* to do so."). In other words, the court made no express finding that Woods "refused" drug treatment.

¶16 Further, Woods' two missed drugs tests, by themselves, are insufficient to support a 302 finding of refusal. *Vaughn*, 217 Ariz. at 523, ¶ 25 (stating "we do not construe the bare allegations of drug use and failure to submit to a drug test to be sufficient to support a finding that [the defendant] refused to 'participate in drug treatment.'").

¶17 As discussed, *supra* ¶ 3, Arizona voters authorized a 302 finding only where a probationer has "refused to participate in drug treatment." A.R.S. § 13-901.01(G). Because APD never alleged Woods refused drug treatment, and because the trial court (in its written findings from the probation violation hearing) never found that Woods refused drug treatment, the court erred at the disposition hearing in making a 302

finding. Nevertheless, the court appropriately reinstated Woods on probation.

## CONCLUSION

**¶18**　　　　For the foregoing reasons, we vacate the trial court's 302 finding. On this record, Woods remains entitled to mandatory probation under A.R.S. § 13-901.01(A).

