996 P.2d 113

**The STATE of Arizona, Appellee,**

v.

**Edward Wayne THOMAS, Appellant.**

**No. 2 CA–CR 98–0221.**

Court of Appeals of Arizona,
Division 2, Department B.

July 29, 1999.

Review Denied Feb. 8, 2000.

Reconsideration Denied April 4, 2000.

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and Diane M. Acosta, Tucson, Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender By Joy Athena, Tucson, Attorneys for Appellant

## OPINION

ESPINOSA, Chief Judge.

¶ 1 Appellant was convicted of unlawful possession of a narcotic drug and was placed on probation for four years. A petition to revoke probation was filed, and following a hearing, the trial court found petitioner had violated conditions of probation and placed him on intensive probation. A second petition for revocation was filed and, after anoth-

er hearing, the court again found appellant had violated probation. The court revoked probation and sentenced petitioner to a 2.5-year prison term. Appellant contends that the trial court was precluded from sentencing him to prison by A.R.S. § 13–901.01, enacted as part of the Drug Medicalization, Prevention and Control Act of 1996, or Proposition 200. Additionally, he challenges the sufficiency of the evidence to support the court's finding that he violated the terms of his probation.

### Violation of Probation

¶ 2 We address appellant's second argument first. The petition to revoke probation alleged that appellant had violated probation by failing to remain at his residence except as authorized, failing to abide by his weekly schedule, failing to notify the intensive probation team that he was employed and failing to obtain approval for the job first, using cocaine, failing to report to and obey the probation officer, and twice failing to attend or participate in substance abuse and cognitive skill programs. That a probationer violated conditions of probation must be established by a preponderance of the evidence. Ariz. R.Crim. P. 27.7(b)(3), 17 A.R.S.

¶ 3 We will uphold a trial court's finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence. *State v. Moore*, 125 Ariz. 305, 609 P.2d 575 (1980). The evidence is not insufficient simply because the testimony is conflicting. *State v. Ballinger*, 110 Ariz. 422, 520 P.2d 294 (1974). It is for the trial court to resolve such conflicts and to assess the credibility of witnesses in doing so. *State v. Hunter*, 112 Ariz. 128, 539 P.2d 885 (1975). We address each of appellant's alleged violations.

a. *Failure to remain at his residence on four occasions.* The probation officer testified that either he or the intensive probation services officer went to appellant's home on four different dates and tried to find appellant, but were unable to do so. The court was free to disbelieve appellant that he was home sleeping and could infer that he was not there.

b. *Failure to abide by the weekly schedule.* The probation officer testified that appellant did not report to the probation officer as required and did not complete certain required forms. Again, the trial court was free to reject appellant's explanations.

c. *Failure to notify the probation team and obtain approval for employment.* Appellant admitted he did not contact the probation officer until after he had obtained employment.

d. *Use of cocaine.* Appellant tested positive for cocaine. The probation officer testified that, when he had asked appellant to submit to the test, appellant told him he had used cocaine two days earlier. The court was free to reject appellant's protestations to the contrary and to reject his claim that he was taking prescription medications only. In addition, there was sufficient evidence that the urinalysis report was reliable, *see generally State v. Tulipane*, 122 Ariz. 557, 596 P.2d 695 (1979), and that the laboratory technician's testimony about the test results was credible.

e. *Failure to obey probation officer's orders and to report to him.* The probation officer testified that, during a specific period, appellant was required to propose written weekly schedules to the probation officer for approval; however, appellant only completed one. The officer also stated that his partner told appellant to report to the office on a specific date, that although he saw appellant in the parking lot when he was there for another appointment, appellant did not wait for him or go back to his office. The probation officer explained that their visual contact was not considered a meeting and that appellant had never called or filled out the contact sheet as required. There was more than sufficient evidence to prove this allegation.

f. *Failure to attend or participate in programs.* The probation officer testified that appellant was scheduled for substance abuse treatment on January 28 and a cognitive skills program on February 3. The probation officer spoke to one of the counselors and was told that appellant had not appeared; in fact, appellant was arrested on February 3, about thirty-five minutes after his scheduled session. The trial court was free to disre-

gard appellant's claim that the February session was scheduled for the next day. And, as the state points out, appellant did not explain his failure to attend the January substance abuse treatment session. The court correctly found this violation was established.

### Sentence of Imprisonment

¶4 Having determined that there was ample evidence to support the trial court's finding that appellant violated the terms of probation as alleged in the petition, we now turn to the question whether the trial court erred when it sentenced him to a term of imprisonment. We conclude that it did.

¶5 As previously noted, § 13–901.01 was enacted as part of the Drug Medicalization, Prevention and Control Act of 1996, or Proposition 200, approved by voters during the general election of that year. The governor proclaimed the initiative law, and the Act became effective on December 6, 1996. 1997 Ariz. Sess. Laws, pp. 2883–84. The Act significantly changed this state's treatment of defendants convicted of nonviolent, first-time drug offenses. Included among the changes was § 13–901.01, which requires courts to suspend sentencing for such defendants, place them on probation, and order them to participate in an appropriate drug treatment or education program as a condition of probation.

¶6 The question raised here—what may a trial court do when such a defendant has violated the terms and conditions of probation—is answered by § 13–901.01(E). It provides that, if the court determines that the defendant has violated probation, the defendant

> shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other sanctions short of incarceration.

The state contends that the statute merely gives the defendant a second chance, after which probation may be revoked and the defendant may be incarcerated. We disagree.

¶7 It is our duty to ascertain the electorate's intent underlying the initiative in interpreting the statute. *See Soto v. Superior Court,* 190 Ariz. 450, 949 P.2d 539 (App. 1997). "[I]f a statute's language is clear and unambiguous, we must give effect to that language and need not employ other rules of statutory construction." *State v. Riggs,* 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997). The language in this statute is clear and unequivocal. It contains no limit on the number of times a court is required to modify the conditions of probation in the event the defendant violates those conditions and expressly precludes the court from incarcerating the defendant. Although Division One of this court has construed the term "incarceration" in § 13–901.01 to prohibit commitment to prison but to allow imposition of a jail term as a condition of probation, the court found that, in all other respects, "Proposition 200 prohibits imposing incarceration ... as a *sanction* for violating other terms of probation." *Calik v. Superior Court,* 194 Ariz. 188, ¶9, 979 P.2d 1 (App.1998); *see Mejia v. Irwin,* 195 Ariz. 270, 987 P.2d 756 (App.1999) (court could not impose prison term after revoking probation because offense to which defendant pleaded guilty required probation pursuant to Proposition 200).

¶8 The state argues, however, that once the trial court placed appellant on intensive probation, A.R.S. §§ 13–913 through 13–917 controlled and that § 13–917(B) required the court to revoke appellant's probation because he committed a new felony by using cocaine, in violation of A.R.S. § 13–3408(A)(1), (B)(1). The state suggests that § 13–901.01 is ambiguous because it conflicts with § 13–917(B). And, the state argues, to construe § 13–901.01(E) as prohibiting a court from incarcerating a defendant who has violated intensive probation by committing a felony essentially repeals § 13–917(B).

¶9 Division One rejected a similar argument in *Calik.* There, the defendant's argument would have required the court to find that Proposition 200 repealed § 13–901, the general probation statute, at least in part. As the court pointed out: "[T]he law does not favor construing one statute as repealing an earlier statute by implication. Whenever

possible, we will interpret two apparently conflicting statutes in a way that harmonizes them and gives rational meaning to both." *Calik,* 194 Ariz. 188, ¶ 11, 979 P.2d 1.[1] *See also Baker v. Gardner,* 160 Ariz. 98, 101, 770 P.2d 766, 769 (1988) (we are required to "construe seemingly conflicting statutes in harmony when possible").

¶ 10   Sections 13–901.01(E) and 13–917(B) can be harmonized. The latter is a general provision relating to intensive probation. Section 13–901.01(E), however, is a subsequently enacted, more specific provision relating only to persons placed on probation under the very limited circumstances outlined by the statute. *See State v. Behl,* 160 Ariz. 527, 774 P.2d 831 (App.1989). To the extent there is a conflict between the two statutes, the terms of § 13–901.01(E) apply to persons placed on intensive probation pursuant to the Act.

¶ 11   To the extent any conflict between the two statutes may render § 13–901.01 ambiguous, we must try to give effect to the "legislative intent by reading the statute as a whole ... and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996); *see Gray v. Irwin,* 195 Ariz. 273, 987 P.2d 759 (App.1999). Although the language unequivocally evinces the electorate's intent, embodied in subsequent legislation, to keep persons eligible for probation or parole under the Act out of prison and to ensure that they receive drug treatment, that intent has otherwise been made undeniably clear. "The aims of Proposition 200, as stated in the initiative itself, include freeing up space 'in our prisons to provide room for violent offenders' and expanding 'the success of pilot drug intervention programs which divert drug offenders from prison to drug treatment, education, and counseling.' " *Calik,* 194 Ariz. 188, ¶ 6, 979 P.2d 1, *quoting* Proposition 200 at §§ 3(E) and (F) (emphasis omitted). And, in the "findings and declarations"

section of the proposition, the electorate stated that drug treatment programs "are more effective than locking non-violent offenders up in a costly prison" and that "eliminating prison time" would save tax dollars. Proposition 200 at §§ 2(D) and (F), 1997 Ariz. Sess. Laws, p. 2896.

### Disposition

¶ 12   We conclude there was sufficient evidence to support the trial court's finding that appellant violated the conditions of his probation. However, we find that the trial court erred by revoking probation and imposing the prison term it did. We recognize that trial courts' options for noncompliant probationers placed on probation pursuant to the Act are limited; nevertheless, courts may not circumvent the mandate of the Act but only alter or add conditions of probation. We therefore vacate the disposition order and remand this matter for further proceedings consistent with this decision.

CONCURRING: WILLIAM E. DRUKE, Judge, and JOSEPH W. HOWARD, Judge.

---

**1.** Division One found in *Calik* that its interpretation of § 13–901.01 as permitting a defendant to serve time in jail as a condition of probation but prohibiting imprisonment gave effect to that statute and § 13–901 as well. *But see* Drug Medicalization, Prevention and Control Act of 1996, Analysis by Legislative Council (person sentenced to probation "does not serve any time in jail or prison"); *Laos v. Arnold,* 141 Ariz. 46, 685 P.2d 111 (1984) (taking note of legislative council's analysis of proposed constitutional amendment).