NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN ANTHONY SARNO, *Appellant*.

No. 1 CA-CR 13-0186
FILED 4-22-2014

---

Appeal from the Superior Court in Mohave County
No. S8015CR20061098
The Honorable Steven F. Conn, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

J O H N S E N, Judge:

¶1        After John Anthony Sarno admitted violating his probation by failing to pay restitution, the superior court reinstated him on probation but added an additional condition of probation that he serve a term of 270 days in jail, commencing no later than a date certain. The court ordered, however, that Sarno's jail term would be discharged if he paid $15,000 in restitution before a designated date. Sarno neither turned himself in to the jail nor paid the $15,000. He now appeals the court's order revoking his probation. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In May 2009, Sarno pled guilty to theft of more than $3,000, a Class 3 felony. The superior court suspended his sentence and placed him on five years' probation.[1] As a condition of his probation, Sarno was ordered to pay restitution of $36,000 in monthly payments of $600. Less than a year later, Sarno was $4,800 in arrears, and in February 2010, his probation officer petitioned to revoke his probation. Sarno entered in a plea agreement, which the court accepted, to extend his probation an additional two years.

¶3        Sarno, however, continued to fail to make his monthly restitution payments. On July 13, 2011, his probation officer filed a second petition to revoke probation, alleging Sarno was delinquent $11,545. Sarno again accepted a plea agreement and admitted the violation in exchange for reinstatement. He agreed to leave the terms of his probation to the court's discretion, and further agreed to waive his right to appeal

---

[1]      On appeal, we view the facts in the light most favorable to sustaining the superior court's findings. *See State v. Maldonado*, 164 Ariz. 471, 473, 793 P.2d 1138, 1140 (App. 1990).

from the sentence imposed as a result of his admission to the probation violation. The court accepted the plea agreement and ordered, as an additional term of probation, that Sarno serve 270 days in Mohave County Jail, commencing no later than 5 p.m. on September 10, 2012. The court also ordered, however, that if Sarno paid $15,000 in restitution by September 4, 2012, he would not be required to serve his jail term.

¶4        Sarno failed to pay the $15,000 by the deadline and, close to 5 p.m. on September 10, went to where he thought the jail was located, only to discover that the jail had moved. He telephoned the jail about the misunderstanding and was informed that even if he went directly to the new jail location, he would not be allowed in that night because it was past the cut-off time for accepting new inmates. Sarno then faxed a letter to the court explaining the mistake and promising to turn himself in the next day. The following day, Sarno reported to the new jail, but it refused to accept him because he was not on the roster and did not bring documentation from the court authorizing the jail to take him into custody. After this second failed attempt, Sarno made no further attempts to turn himself in and did not contact the court or his probation officer.

¶5        On October 1, 2012, the probation department filed a third petition to revoke probation, alleging Sarno continued to violate his probation by failing to pay the $15,000 in restitution and failing to turn himself in to jail. After a hearing, the court found Sarno's failure to pay the $15,000 was not a violation of his probation. The court explained that the $15,000 payment was not a condition of probation but instead was an "escape clause" by which Sarno could have avoided jail. The court found Sarno violated his probation by failing to turn himself in to jail on the designated date. Although the court accepted that Sarno made two good-faith efforts to turn himself in, it found his failure to take subsequent action for two months following the failed attempts "did not come anywhere near complying" with the order. The court revoked his probation and sentenced him to 3.5 years' imprisonment.

¶6        Sarno timely appeals. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2014), 13-4031 (2014) and -4033(A) (2014).[2]

---

[2]        Absent material revision after the relevant date, we cite a statute's current version.

**DISCUSSION**

A.     **Standard of Review.**

¶7          A probation violation must be proved by a preponderance of the evidence. *State v. Thomas*, 196 Ariz. 312, 313, ¶ 2, 996 P.2d 113, 114 (App. 1999). On appeal, this court "will uphold the superior court's finding that a [defendant] has violated probation unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Vaughn*, 217 Ariz. 518, 521, ¶ 14, 176 P.3d 716, 719 (App. 2008) (internal quotation marks and citations omitted). Evidence "is not insufficient simply because the testimony is conflicting." *Thomas*, 196 Ariz. at 313, ¶ 3, 996 P.2d at 114; *see also State v. Ballinger*, 110 Ariz. 422, 425, 520 P.2d 294, 297 (1974). "It is for the trial court to resolve such conflicts and to assess the credibility of witnesses in doing so." *Thomas*, 196 Ariz. at 313, ¶ 3, 996 P.2d at 114.

B.     **The $15,000 "Escape Clause."**

¶8          Sarno argues the superior court improperly revoked his probation without conducting a hearing to determine whether his refusal to pay the $15,000 was a willful violation of his probation. *See Bearden v. Georgia*, 461 U.S. 660, 672 (1983) ("in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay"); *State v. Davis*, 159 Ariz. 562, 563, 769 P.2d 1008, 1009 (1989) (probation may not be revoked solely for non-payment without regard for ability to pay).

¶9          But the court did not find Sarno violated his probation by failing to pay the $15,000. It found he violated probation only by failing to turn himself in by the appointed date to begin his jail term. During the revocation hearing, when the State attempted to argue Sarno violated his probation by failing to pay the $15,000, the court replied, "not paying . . . isn't a violation of his probation; it just means that he didn't get out of having to serve the 270 days in jail." At the sentencing hearing, the court reiterated, "The only violation that was found was not turning himself into the jail on time." Thus, contrary to Sarno's assertion, the court did not impose a jail term for his failure to pay the $15,000; in reinstating him on probation the second time, the court imposed 270 days in jail as a term of probation, and allowed Sarno to avoid serving that time if, prior to the appointed date, he paid $15,000 in restitution. As the court explained during the revocation hearing:

> I understand that someone looking at this file would think that I ordered the defendant to pay $15,000 by a date certain.

> That's really not what I did . . . . At the time that I reinstated the defendant on probation, which was January 13, 2012, I felt, under all the circumstances, that he ought to do nine months in jail . . . .

> * * *

> And so I took the position you ought to do nine months in jail, and I'm going to order you to do nine months in jail; but I also gave him kind of an escape clause, and that is, if you come up with $15,000 before then, you won't have to do the jail time.

¶10        Because the $15,000 "escape clause" was not a condition of Sarno's probation and was not the subject of the revocation proceeding, the superior court was not required to hold a *Bearden* hearing. *See* 461 U.S. at 672-73.[3]

## C.        Sarno's Failure to Report to Jail.

¶11        Sarno also argues there was insufficient evidence he willfully failed to turn himself in to jail because he made two unsuccessful but good-faith attempts to do so.[4] Ample evidence, however, supports the

---

[3]        To the extent Sarno contends the $15,000 "escape clause" was an improper or illegal term of probation, we lack jurisdiction to review that argument. A.R.S. § 13-4033(B) (2014) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); *see also State v. Regenold*, 226 Ariz. 378, 378, ¶ 1, 249 P.3d 337, 337 (2011).

[4]        We need not decide whether the State must prove a defendant intentionally violated a probation condition such as the requirement the court imposed in this case to begin a jail sentence by a particular date. *See Bearden*, 468 U.S. at 668, n.9 ("We do not suggest that, in other contexts [besides the failure to pay restitution], the probationer's lack of fault in violating a term of probation would necessarily prevent a court from revoking probation."); *cf. State v. Alves*, 174 Ariz. 504, 506, 851 P.2d 129, 131 (App. 1992) (a violation of probation must be "willful," meaning the defendant must receive written notice of all the terms of probation).

superior court's finding that Sarno failed to report to commence his jail sentence. Even accepting Sarno's contention that he made two good-faith efforts to report to begin his jail term, after those attempts failed, he did nothing else during the two months that followed to comply with the term of probation that he serve his jail term. In the court's words: "[H]e could have gone to probation, he could have come to the court, he maybe could have gone to his attorney's office; he could have done something." Sarno does not dispute that he failed to contact the court or his probation officer from September 11, 2012 until November 18, 2012, when he was arrested for violating his probation.

**CONCLUSION**

**¶12**　　　　For the reasons stated above, we affirm the superior court's revocation of Sarno's probation and the resulting sentence.



Ruth A. Willingham · Clerk of the Court
FILED: MJT

---

Evidence in the record was sufficient for the court to conclude that Sarno willfully failed to turn himself in to begin his jail term.