NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

MALINDA ANNE BAKER,
*Appellant*.

No. 1 CA-CR 14-0770
FILED 9-3-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-455185-001
The Honorable J. Justin McGuire, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

---

**O R O Z C O**, Judge:

**¶1**          Malinda Anne Baker appeals her probation revocation and resulting sentence. This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Baker's counsel has advised the Court that, after searching the entire record, she has found no arguable question of law. Baker was given the opportunity to file a supplemental brief in propria persona, but she has not done so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Our obligation is to review "the entire record for reversible error." *Id.* Finding no reversible error, we affirm the revocation of Baker's probation and the sentence imposed.

### FACTS AND PROCEDURAL HISTORY

**¶2**          In March 2014, Baker plead guilty to one count of aggravated assault, a class 3 felony. Pursuant to the plea agreement, Baker was placed on supervised intensive probation for three years. Baker agreed to multiple conditions of probation, including that she would not use illegal drugs and would submit to regular drug testing (term number twelve).

**¶3**          Baker's assigned probation officer, E.A., reviewed all of the probation terms again with her in July 2014. E.A. testified that term number twelve of the probation conditions was underlined and that he specifically discussed with Baker the importance of complying with that term. E.A. also testified that Baker acknowledged verbally and in writing that she understood the terms of her probation.

**¶4**          One month later, E.A. was notified that Baker tested positive for an illegal drug. E.A. and Baker discussed the test results and Baker admitted to using methamphetamines. She then signed and dated an admission of drug use.

**¶5**          The trial court held that Baker violated term number twelve of her probation agreement by using illegal drugs. The trial court revoked Baker's probation and sentenced her to two and one half years' in prison, with 182 days' presentence incarceration credit. Baker timely appealed, and

we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2015).[1]

## DISCUSSION

**¶6**  We view the facts in the light most favorable to sustaining the trial court's findings. *State v. Maldonado*, 164 Ariz. 471, 473 (App. 1990). The trial court's findings will be upheld "unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (App. 1999). A probation violation must be established by a preponderance of the evidence. Ariz. R. Crim. P. 27.8.b(3). Here, the trial court did not err by revoking Baker's probation because sufficient evidence supported that she used illegal drugs, and thus violated the terms of her probation.

**¶7**  Term number twelve of Baker's probation agreement expressly required that she not use illegal drugs. Baker expressed to E.A. that she understood the terms of that probation agreement. After testing positive for drugs, Baker admitted to E.A. that she used methamphetamines. An admission of a violation by a probationer to a probation officer is admissible in a hearing to revoke probation regardless of whether the probationer had been read her *Miranda*[2] rights prior to the admission. *State v. Rivera*, 116 Ariz. 449, 452 (1977). Thus, Baker's admission, without being read her *Miranda* rights, was properly admitted. Moreover, E.A.'s testimony that Baker tested positive for drugs is admissible, even as hearsay, because the trial court fairly deemed that the drug test evidence was reliable. *See* Ariz. R. Crim. P. 27.8.b(3) ("The court may receive any reliable evidence not legally privileged, including hearsay."); *see also Rivera*, 116 Ariz. at 451–52 (holding that drug test evidence is reliable under Rule 27.8.b(3)).

**¶8**  Based on the aforementioned evidence, the trial court fairly determined that Baker violated term number twelve of her probation. "If the court finds that the person has violated any . . . condition of intensive probation, it shall modify the conditions of intensive probation as appropriate or shall revoke the period of intensive probation and impose a term of imprisonment as authorized by law." A.R.S. § 13-917.B. Thus, the

---

[1]  We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2]  *See Miranda v. Arizona*, 348 U.S. 436 (1966).

trial court acted within its discretion when it revoked Baker's probation and sentenced her to a mitigated term of two and one half years' in prison.

## CONCLUSION

**¶9**　　　　We have read and considered counsel's brief, and carefully searched the entire appellate record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and we conclude sufficient evidence supports the trial court's findings. Baker was represented by counsel at all critical stages of the proceedings. Baker and her counsel were given an opportunity to speak at sentencing, and a legal sentence was imposed.

**¶10**　　　　Counsel's obligations pertaining to Baker's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Baker of the status of this appeal and any future options, unless Counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court. *See id*. at 585. Baker has thirty days from the date of this decision to proceed, if desired, with a pro per motion for reconsideration or petition for review.

**¶11**　　　　We affirm the revocation of Baker's probation and the sentence imposed.



Ruth A. Willingham · Clerk of the Court
FILED: ama