NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KYLE MATTHEW THOMPSON, *Appellant.*

No. 1 CA-CR 14-0445
FILED 10-01-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201100601
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Christian C. Ackerley, Attorney at Law, Phoenix
By Christian C. Ackerley
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

_____

**K E S S L E R**, Presiding Judge:

¶1          Kyle Matthew Thompson ("Thompson") appeals from the trial court's judgment finding him guilty of violating his probation.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          In June 2011, Thompson was indicted on ten counts of sexual exploitation of a minor, each a class 2 felony and a dangerous crime against children.  In November 2013, he entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to one count of attempted sexual exploitation of a minor, a class 3 felony and dangerous crime against children.  In exchange for his plea, Thompson was placed on five years of supervised probation, which began in December 2013.

¶3          As part of the special conditions of probation, Term 14 provided that Thompson could not "possess, use, or have personal access to any computer or similar equipment that has internet capability without prior written permission of [his] Probation Officer."  In January 2014, the State filed a Petition to Revoke Probation, alleging that Thompson "accessed the internet via Facebook on at least seven (7) occasions soliciting friends, including a 13 year [old] female."

¶4          At the contested probation violation hearing, the State presented evidence that Thompson's Facebook account—which can only be accessed with a username and password—showed activity on multiple dates in January 2014.  Thompson's probation officer testified that when asked about the activity, Thompson acknowledged that it was his account but denied accessing it himself.  He claimed "he had given his identifiers to a friend and he was watching his friend access the internet."  Thompson, however, refused to provide his friend's name.

¶5          The trial court ultimately found that the State proved by a preponderance of the evidence that Thompson had "personal access to a computer or other equipment that had internet capability," and as a result,

violated Term 14 of his conditions of probation. The court further noted, that regardless of whether or not it believed Thompson's story, he had and controlled access to his account.

> The Court believes that if the defendant is directing somebody else to access his Facebook account and to send out these friend requests which is basically what he admitted doing or whether he's doing it himself, he is still having personal access to a computer or other equipment that has internet capability.

Moreover, the court reasoned that directing another person to access the account on Thompson's behalf is contrary to the term's "goal of monitoring what somebody [who is] convicted of a sex offense does with respect to the internet."

¶6  Thompson timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, as well as Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003) and 13-4033(A)(3) (2010).

### STANDARD OF REVIEW

¶7  "We will uphold a trial court's finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3, 996 P.2d 113, 114 (App. 1999). Probation violations "must be established by a preponderance of the evidence." Ariz. R. Crim. P. 27.8(b)(3). "Revocation hearings are flexible and not subject to the same rules of evidence and procedure as govern criminal trials. It is enough for the trial court to have a reason to believe that the individual is violating the conditions of his probation or engaging in criminal practices to revoke his probation." *State v. Smith*, 112 Ariz. 416, 419, 542 P.2d 1115, 1118 (1975) (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to sustaining the court's finding." *State v. Tatlow*, 231 Ariz. 34, 39-40, ¶ 15, 290 P.3d 228, 233-34 (App. 2012).

### DISCUSSION

¶8  Thompson argues the trial court abused its discretion in finding that he violated his probation by accessing the internet. Thompson specifically argues that the State provided no evidence that he had "personal access" to a computer, and it failed to refute his statement that another person accessed it on his behalf. We disagree.

¶9          There was sufficient evidence to support a finding that Thompson personally accessed the internet.  Thompson admitted to his probation officer that the password-protected Facebook account in question was his, and that "he had given his identifiers to [an unnamed] friend and he was watching his friend access the internet."  The State presented evidence that the account showed activity on several dates at the end of January 2014.  The court did not abuse its discretion in finding that the inherent nature of the activity was equivalent to Thompson having personal access to the internet.  We do not see how Thompson giving his username and password to a friend to access his account, under his direction, for his benefit, while he watched, is different from him physically touching the computer keyboard.  Therefore, we agree with the trial court, that even under this version of the facts, Thompson's actions still constitute having personal access to a computer with internet capability.

## CONCLUSION

¶10          For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama