NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

THOMAS BURRESS, *Appellee.*

No. 1 CA-CR 24-0105
FILED 12-12-2024

Appeal from the Superior Court in Navajo County
No. S0900CR202101484
The Honorable Jon H. Saline, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Myles A. Braccio
*Counsel for Appellant*

The Rigg Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1** The State appeals the superior court's order reinstating Thomas Burress to standard probation. For the following reasons, we affirm Burress's reinstatement to probation but order the superior court to seal the documents containing the victim's name in the record.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** In late 2021, a Navajo County grand jury indicted Burress on three counts of unlawful sexual conduct, class three felonies. In January 2022, Burress pled guilty to all three counts. Before his conviction, Burress was a probation officer in Navajo County. The court raised this potential conflict at his sentencing, but after "pushback" from the probation department, placed him on fifteen years' standard probation with sex offender terms in Navajo County. In November 2023, the probation department petitioned to revoke his probation, alleging that he had (1) failed to register online accounts with the Navajo County Sheriff's Office, (2) traveled without approval outside the county, (3) failed to participate with required counseling, (4) contacted the victim, (5) associated with a person who had a child under the age of eighteen without permission from the court, and (6) possessed sexually oriented material.

**¶3** The trial court held a two-day probation violation hearing in January 2024. Before the hearing, the State moved to preclude evidence or argument about the victim because of defense counsel's comments about the victim at prior release hearings. The court stated that the parties should address the allegations "without any real reference to the character of the victim." At the revocation hearing, the State presented a variety of evidence in support of revocation. Relevant to the claims on appeal, the State admitted a photograph of Burress in Sedona and discussed but did not admit a photograph of him in Williams. The photograph of Burress in Sedona was dated October 12, 2022, while the photograph in Williams included a date and month but no year. Burress's probation officer testified

that in October 2022 Burress had permission to go to Coconino County but could not confirm whether the photograph of Burress in Sedona was taken in the Coconino County or Yavapai County portion of Sedona.

¶4        The State also called Gretchen Herndon, one of Burress's counselors, who testified that he missed some group sessions but attended counseling consistently once she switched him to individual sessions. Although Burress had been disruptive in group sessions, once in individual counseling "[h]e actually did pretty well," and "[h]e was starting to make some progress." Herndon testified that Burress continued to make progress until he was arrested for his alleged probation violations. She also testified that Burress terminated counseling with her to see a different provider but returned to her treatment six months later and was never wholly removed from counseling for attendance or other issues. The court also heard testimony that Burress worked with his counselor to prepare for a polygraph test the probation department had ordered.

¶5        The State attempted to call Burress's other counselor and a Justice of the Peace who had presided at Burress's wedding. The court precluded them from testifying, however, because they were available only virtually and the State had not notified the court or defense counsel that it wished to call them virtually.

¶6        Ultimately, the court found that Burress violated several probation terms. Specifically, Burress (1) failed to register online accounts with the Navajo County Sheriff's Office, (2) traveled to Las Vegas, Nevada, and Flagstaff, Arizona, without approval, (3) possessed photos of his naked wife for sexual stimulation, and (4) contacted a third party to discuss the victim. The court ruled, however, that Burress did not violate probation by traveling to Williams because "it appears the Defendant went to [Williams] at some point but there is no proof of when the photo was taken." The court also ruled that "not enough evidence" was presented to find a violation as to travel to Sedona and made no finding on travel to Utah or Colorado.

¶7        The court recognized evidence that Burress did not always attend counseling but did not believe this was sufficient to find he failed to comply with counseling:

> [T]he petition [to revoke] says [Burress did not comply with counseling] due to his behavior and noncompliance with attendance, that is not the reason that the testimony bore out as to why he switched [from group to individual counseling]. There was information that he didn't attend at times, that's

3

certainly clear, but [his counselor] said that's not why—she
never dropped him because of attendance.

The court also distinguished between "compliance" with counseling, which
Burress's probation required, and "success" in counseling, which it did not
require:

[N]ow, I cannot order him to make the changes that he needs
to make, right? Nothing in the terms of probation says, even
guarantees that he will be successful. I'm not in control of that,
probation's not in control of that. He could go to counseling
for 15 years on the probation that he's on his term, and never
succeed, and he will have still complied with probation by
moving forward and doing it.

The court ultimately ruled that Burress had thus far complied with his
counseling requirements, concluding "I don't find that there's a violation
because of his behavior or his noncompliance with attendance."

¶8         At Burress's disposition hearing, the court emphasized that
this would be his last chance to succeed on probation and reinstated him to
probation on all three counts of unlawful sexual conduct. The court ordered
a one-year deferred jail term with no credit for time served as an
intermediate sanction for count one and a 71-day term with credit for 71
days served for counts two and three. The court further ordered Burress to
apply to transfer his probation to Coconino County and pay a $150 transfer
fee. The court reasoned that, consistent with its initial concerns at
sentencing, supervision by a different probation department would benefit
Burress and keep him farther from the victim. Finally, the court imposed
additional monitoring and travel restrictions.

¶9         The State timely appealed and this Court has jurisdiction
under Article 6, Section 9 to the Arizona Constitution and A.R.S. §§ 12
-120.21(A)(1), -13-4031.

## DISCUSSION

¶10        On appeal, the State argues the court erred by (1) barring the
State from calling two witnesses, (2) violating the Arizona Constitution's
provisions protecting victims of sexual assault, (3) finding that Burress did
not violate the terms of his probation by failing to comply with his sex
offender counseling or traveling to Williams, Sedona, Colorado, and Utah,
and (4) reinstating Burress to probation and transferring his probation
supervision to Coconino County. "Upon finding that the probationer

violated a condition or regulation of probation, the court may revoke, modify, or continue probation." Ariz. R. Crim. P. 27.8(c)(2). We review the court's probation violation findings for abuse of discretion. *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973). Because the trial court is in the best position to consider the evidence, this Court will uphold the court's probation violation finding unless it is "arbitrary or unsupported by any theory of the evidence." *State v. Thomas*, 196 Ariz. 312, 313 ¶ 3 (App. 1999).

## I. Preclusion of the State's Witness.

¶11 The State argues that the court erred by precluding two witnesses from testifying during the hearing via Zoom. The issue here is not truly, as the State argues, whether Burress had the right to confront witnesses against him, but rather by what method the witnesses could appear. The court exercises "reasonable control over the mode and order of examining witnesses and presenting evidence." Ariz. R. Evid. 611(a). The rules of evidence apply to "criminal cases and proceedings except as otherwise provided in the Arizona Rules of Criminal Procedure." Ariz. R. Evid. 1101(a).

¶12 Nothing in the Rules of Criminal Procedure suggests that the court lacks the power to control the manner of witness testimony in probation revocation hearings. "In reviewing a trial court's decision to admit or exclude evidence, [] we will not disturb the lower court's ruling absent an abuse of discretion." *State v. Stotts*, 144 Ariz. 72, 82 (1985). Defense counsel objected to the State's calling of a witness virtually without first noticing the alternate method of testimony. The State argued that virtual appearances were normalized during the Covid-19 pandemic, which may be true, but this does not obligate the court to allow virtual appearances without notice. The court ultimately ruled that because the State had not moved to allow the witnesses to appear over Zoom, it would not allow Zoom testimony. The court did not abuse its discretion by controlling the examination of witnesses in its courtroom.

## II. Victims' Rights.

¶13 The State argues that the trial court failed to enforce the Arizona Constitution's provisions protecting victims of crimes. Specifically, the State argues the court should have "(1) [struck] from the record defense documents denigrating the minor victim, and (2) sanction[ed] defense counsel for repeatedly demeaning the 15-year-old rape victim during the probation revocation proceedings."

¶14 When a party objects during proceedings, we review the issue for harmless error. *State v. Romero*, 248 Ariz. 601, 603 ¶ 7 (App. 2020). Error is harmless if this Court can determine beyond a reasonable doubt that it would not have affected the outcome of proceedings. *See State v. Bible*, 175 Ariz. 549, 588 (1993). When the State fails to object, the issue is waived. *See generally State, ex rel. Horne v. Campos*, 226 Ariz. 424, 429 ¶ 18 (App. 2011) (explaining that the State's failure to object may result in waiver).

### A. Striking of Defense Documents.

¶15 The State argues that the trial court abused its discretion by denying its motion to strike two defense documents from the record. Before the disposition hearing, Burress filed letters from Nolan Robertson and Detention Officer Jessica Head. Robertson's letter states that he showed Burress the victim's Instagram story that included "inappropriate" behavior. Head's letter includes details of her conversation with Burress about the victim. The court clearly stated that it did not consider any evidence about the victim's character in making its determination. And at oral argument, the State conceded that failing to strike the documents was not "correlated to the disposition in this matter." Thus, any error was harmless. But also at oral argument, Burress's counsel agreed that the victim's name should be removed from these documents, and that the documents were not particularly relevant to the court's ultimate decision on revocation. Because the parties agree that the victim's name should not be publicly disclosed in the record, we order the superior court to seal Nolan Robertson and Jessica Head's letters containing the victim's name.

### B. Sanctions.

¶16 The State argues defense counsel disparaged Burress's victim in (1) the questioning of witnesses, (2) a text message to Burress's wife, and (3) his closing argument. The State argues the court abused its discretion by not sanctioning defense counsel for these comments. This Court reviews the court's decision on sanctions for abuse of discretion. *State v. Martinez-Villareal*, 145 Ariz. 441, 448 (1985). "Absent a showing of prejudice to the appellant, this court will not find a trial court's refusal to impose sanctions to amount to an abuse of discretion." *State v. Ramirez*, 116 Ariz. 259, 268 (1977).

¶17 The record is unclear whether the State properly moved for sanctions. At oral argument before this Court, the State argued it had requested sanctions both at the disposition hearing and in its motion to strike. But no request for sanctions appears in the motion to strike. At the

disposition hearing the State said, "I'm prepared to ask for sanctions" and, with respect to the documents Burress filed including the victim's name, "we'd also like this stricken and sanctioned." Nowhere in the record does the State request sanctions for "repeatedly demeaning" the victim outside those documents as argued in its opening brief. Given this lack of clarity and because the State has not argued or shown it was prejudiced, the court did not abuse its discretion by not ruling on the matter.

### C. The Victim's Constitutional Rights.

**¶18** The State argues defense counsel's comments violated the Arizona Constitution's provisions protecting victims of crime. Article 2, Section 2.1 of the Arizona Constitution, also known as the Victims Bill of Rights, provides victims the right "[t]o be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process." Ariz. Const. art 2, § 2.1. This Court reviews potential constitutional violations de novo, *State v. Glassel*, 211 Ariz. 33, 53 ¶ 78 (2005), but constitutional error is still subject to the harmless error standard set forth above, *see Bible*, 175 Ariz. at 588.

**¶19** The State objected to certain comments by defense counsel and not others. *See Romero*, 248 Ariz. at 603 ¶ 7 (holding that when a party objects, we review for harmless error). At the disposition hearing, the court stated that it did not "regard any information about the character or the nature of the victim [] because it absolutely doesn't matter." Thus, any improper evidence about the victim was immaterial to the court's decision, and any error is harmless.

**¶20** The State expresses concern that the victim's name remains in the public record and asks this Court to "hold the superior court and defense counsel accountable" for violating the victim's constitutional rights but points to no specific remedy beyond removing the "inappropriate material" from the public record which we have now done. *See supra* ¶ 15. The State notes that defense counsel's comments might violate the Arizona Rules of Professional Conduct. This Court does not regulate the practice of law, and defense counsel is neither a party to this appeal nor counsel for Burress on appeal. *See* Ariz. R. Sup. Ct. 31(a). But the State may submit a complaint to the state bar regarding defense counsel's conduct if it deems that warranted. *See generally* Ariz. R. Sup. Ct. 53.

**¶21** Even though the court had directed counsel to avoid referring to the victim's character during the revocation proceedings, defense counsel nevertheless made several derogatory remarks about the victim.

Counsel's remarks were improper and deplorable, and the court should have done more to curb such unsavory behavior. The court should have ensured that defense counsel treated the victim with dignity and respect. *See* Ariz. Const. art 2, § 2.1. As reprehensible as counsel's remarks were, and as regrettable as the court's inaction was, however, nothing in the record suggests that this affected the validity of the revocation proceedings as to Burress.

### III.    Burress's Probation Terms.

#### A.  Travel Restriction.

¶22        As noted above, the court found that Burress violated his probation by traveling to Las Vegas, Nevada, and Flagstaff, Arizona. The State argues that the court abused its discretion by not finding that Burress also violated probation by traveling to other places. Specifically the State challenges both the court's findings on Sedona and Williams and the court's lack of findings on Utah and Colorado. "A violation must be established by a preponderance of the evidence," and this Court upholds the trial court's violation findings or lack thereof "unless the finding is arbitrary or unsupported by any theory of evidence." *Thomas*, 196 Ariz. at 313 ¶ 3. "It is for the trial court to resolve [] conflicts and to assess the credibility of witnesses." *Id.*

¶23        Relying on a photograph of Burress in Williams, the State argues that the court should have found Burress violated probation by traveling to Williams. The State argues the evidence of Burress's travel was "unrebutted and conclusive," but defense counsel argued that the photograph of Burress in Williams included a date but no year, and that someone other than Burress could have taken the photo and sent it to him later. Further, the State argues that "[a]ll the photographs included Burress and his wife, whom he met after being placed on probation" and thus the photo must have been taken while Burress was on probation. But defense counsel pointed out that the photo of Burress in Williams does not include his wife, and the photograph was not actually admitted into evidence at the hearing.

¶24        The State also argues it presented "unrebutted and conclusive" evidence that Burress traveled to Sedona, and the court failed to properly find a violation as to Sedona. In support of this allegation, the State admitted a photograph of Burress in Sedona, dated October 12, 2022. Burress argued part of Sedona is in Coconino County, where he had travel passes to visit. The court took judicial notice that Sedona is in both

8

Coconino and Yavapai counties and Burress's probation officer testified that he had permission to go to Coconino County in October 2022. Burress's probation officer could not confirm whether the photograph of Burress in Sedona was taken in Coconino County or Yavapai County. The court ultimately found "it appears the Defendant went to [Williams] at some point but there is no proof of when the photo was taken" and "not enough evidence" to find a violation as to Sedona.

¶25 Regarding photographs the State presented to show travel violations, defense counsel argued "those photographs . . . Who took the picture? Did he take the picture or did somebody else take the picture? Did they send him the picture on the day they took it, or did they send him the picture on the day that they decided they wanted to?" The court agreed that the photographs were not enough to prove exactly when Burress traveled, but only when photographs were sent. Thus, the evidence was not "unrebutted and conclusive," as the State argues. The court ultimately found the evidence of the Sedona and Williams travel violations lacking. The trial court is in the best position to consider the evidence and the rulings on travel to Williams and Sedona are not "arbitrary or unsupported by any theory of evidence." *See Thomas*, 196 Ariz. at 313 ¶ 3. The court did not abuse its discretion.

¶26 As for Burress's alleged travel to Colorado, the court did not need to rule on it because the probation department did not allege that he had traveled to Colorado in the revocation petition. Concerning Burress's alleged travel in Utah, the court did not have to make findings because it found no probation violation. When "the court finds that the probationer committed a violation of a condition or regulation of probation, it must make specific findings of the facts that establish the violation." Ariz. R. Crim. P. 27.8(b)(5). But no reciprocal rule requires the court to make specific findings of fact to establish the lack of a violation. To be sure, the trial court could have been clearer had it ruled specifically on the Utah travel, but the court heard testimony on potential travel to Utah, and we presume the court considered all admitted evidence before issuing a decision. *Fuentes v. Fuentes*, 209 Ariz. 51, 55–56 ¶ 18 (App. 2004). As such, the court's failure to rule specifically on Burress's travel to Utah was not an abuse of discretion.

¶27 Finally, the court's failure to find violations for any additional travel did not prejudice the State. Nothing in the record suggests that, had the court found Burress traveled to additional locations, it would have revoked his probation. In fact, the court recognized that the travel violations it found "show[ed] to [the court] a pattern of deceit, a pattern of manipulation" and still determined reinstatement was appropriate. Thus,

the State was not prejudiced, and the court did not abuse its discretion by finding that only Burress's travel to Las Vegas and Flagstaff violated the terms of his probation.

## B. Counseling Requirement.

¶28 The State argues that the court erred by not finding that Burress violated his counseling requirement. This Court upholds the trial court's probation violation findings or lack thereof "unless the finding is arbitrary or unsupported by any theory of evidence." *Thomas*, 196 Ariz. at 313 ¶ 3. Burress's probation terms required that he "actively participate and cooperate" with a counseling program. The State alleged that his attendance record, his change of counseling providers, his move to individual counseling from group counseling, and his internet history all showed non-compliance.

¶29 The State argues that the court "ignored" "overwhelming" and "unrebutted" evidence that Burress had not complied with his counseling requirement because the court's minute entry stated that it saw "no evidence" of behavioral or attendance issues. The court's phrasing was certainly not as careful or as accurate as it should have been because the State presented evidence of Burress's struggles in engaging with his counseling. But the evidence was not overwhelming or uncontested, as the State claims. Burress's counselor testified that, despite struggling at first, Burress was making progress, doing well, and attended counseling consistently upon switching to individual sessions. And Burress's probation officer testified that his counselor requested delaying his polygraph test so she could prepare him for it. Further, she agreed that Burress's search history possibly showed him "just looking for some information about how to take a polygraph" as part of that preparation with his counselor.

¶30 In his own statement, Burress acknowledged his counseling absences and claimed that he missed sessions because he had to attend VA appointments for injuries and PTSD treatment. He also discussed how counseling helped him take responsibility for his actions asserting "it wasn't the victim's fault, Your Honor. It is my fault." Altogether, Burress addressed his attendance and behavior, and the State's evidence did not go "unrebutted." The strength of this evidence and of Burress's arguments was for the court to determine. *See Thomas*, 196 Ariz. at 313 ¶ 3 (holding that the trial court is in the best position to consider the evidence).

¶31        Although the court stated in its minute entry that it found "no evidence" of behavioral or attendance issues at counseling, the transcript shows that the court recognized that the State had presented evidence of Burress's difficulties with counseling, but found the evidence was insufficient to prove that he had violated the terms of his probation on that point. Orally, the court concluded "I don't find that there's a violation because of his behavior or his noncompliance with attendance." The court recognized that Burress missed some counseling sessions but did not find this sufficient to find a violation. The terms of Burress's probation did not require perfect attendance, but rather "active participation." Further, the court distinguished between "compliance" with counseling and "success," reasoning that Burress was required to comply with counseling which he did.

¶32        The transcript in which the court makes its judgment on the violations shows that the court did not ignore the State's evidence but found it unpersuasive. *See supra* ¶ 7. The critical point is not the minute entry memorializing the judgment or sentence, but the oral pronouncement of the judgment or sentence. *See* Ariz. R. Crim. P. 26.16 ("The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court."). If an oral and written judgment are inconsistent, the oral statement controls. *State v. Hanson*, 138 Ariz. 296, 304-05 (App. 1983). A disposition is the "sentencing" phase of the probation violation process, and we treat it as such. *See e.g. State v. Flemming*, 184 Ariz. 110, 114–15 (1995) (explaining that a meaningful disposition hearing must follow the same procedure as a meaningful sentencing and referring to a disposition as a "sentence that flowed from [a probation violation] finding"). Further, at oral argument the State called the disposition a "sentencing."

¶33        The court would do well to avoid language such as "no evidence" in its minute entry when the record shows it considered relevant evidence. But nowhere in the transcript did the court state that it found "no evidence" regarding Burress's counseling requirement. As made clear by the transcript, the court sufficiently considered the counseling evidence and did not abuse its discretion.

### IV.    Probation Reinstatement.

¶34        If the court finds a defendant violated terms of probation it *may* revoke, modify, or add conditions to the probation. *See* A.R.S. § 13 -901(C). This Court will not set aside a court's order on a petition to revoke "[u]nless there is a strong showing of abuse of discretion by the trial judge."

*State v. Lawson*, 19 Ariz. App. 536, 537 (1973). "We view the evidence in the light most favorable to sustaining the court's finding." *State v. Tatlow*, 231 Ariz. 34, 39–40 ¶ 15 (App. 2012).

**¶35**        The State argues that the court reinstated Burress's probation without "evidence or testimony supporting [its] decision." However, the decision is discretionary, and evidence does support the court's ruling. *Id.* The court acknowledged "the stark reality" that Burress is "on probation for very, very serious offenses." The court also emphasized more than once that this would be Burress's last chance to succeed on probation stating, "[y]ou need to be serious about this, Mr. Burress, and make the best of this because this is, quite literally, your last chance." The court further reasoned that, despite his probation violations, Burress's behavior did not suggest "someone who is continuing a predatory stance" or "deviant behavior." Overall, the court recognized the State's argument for revocation but believed that reinstatement with additional restrictions represented "a middle-ground solution that protects the community and the victim and helps [Burress] move forward with [his] treatment." The court's decision was not arbitrary, and it did not abuse its discretion by reinstating Burress to probation.

**CONCLUSION**

**¶36**        For the foregoing reasons, we affirm Burress's reinstatement to probation but order the superior court to seal the documents containing the victim's name in the record.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

12